HALL, Respondent, vs. WISCONSIN LIFE INSURANCE COMPANY, Appellant.

*December 12, 1924—January 13, 1925.*

*Insurance: Action on policy: Premiums insufficient to mature policy: Rights of insured.*

A life insurance company organized under ch. 418, Laws of 1891, later conforming to ch. 175, Laws of 1895, and subsequently reorganized on the legal reserve basis pursuant to ch. 270, Laws of 1899, is bound, on the maturity of a policy, to perform it according to its terms, though the stipulated premiums, valued pursuant to sec. 1955$y$—1, Stats. 1921, were insufficient to mature the policy and it is claimed that pay-

ment would discriminate in favor of the insured, contrary to sub. 4, sec. 1955*o*, Stats. 1921, since the insured and the insurer are the only parties to the action, which involves a matured policy, and the issues considered in *United Order of Foresters v. Miller,* 178 Wis. 299, not arising in this case.

APPEAL from a judgment of the junior superior court of Dane county: A. O. STOLEN, Judge. *Affirmed.*

This action was begun to enforce liability under a policy of insurance issued by the defendant on December 31, 1896, upon the life of the plaintiff, who was at that time forty-four years of age. The defendant company was organized April 9, 1895, as a mutual assessment company under the provisions of ch. 418 of the Laws of 1891. After the passage of ch. 175 of the Laws of 1895, the company amended its articles so as to conform thereto and did business pursuant thereto. On February 7, 1900, the name of the corporation was changed to *"The Wisconsin Life Insurance Company."* After the passage of ch. 270, Laws of 1899, known as the stipulated premium law, and on July 12, 1899, the corporation duly accepted the provisions of that act and did business thereunder until October 28, 1902, at which time it was reorganized on the legal reserve basis, and ever since the company's business has been on that basis.

The policy contained a clause which provided:

"On reaching the age of sixty-nine (69) the member [plaintiff] may, in lieu of surrendering this policy and receiving its cash surrender value, draw the full amount of this policy in ten (10) equal annual payments, any unpaid instalments, at the time of the death of said member, to be paid to the beneficiary under this policy."

The plaintiff, having arrived at the age of sixty-nine years, elected to draw the policy in ten equal instalments, the company refused to pay, and this action is brought upon the instalment due January 23, 1923.

The answer of the defendant company admits the issuance of the policy, its terms, the organization of the defendant

company, and alleges that the stipulated premiums provided for in the plaintiff's policy and paid by the plaintiff were at no time sufficient to mature the policy according to its terms; that in order to carry out the terms of the policy, said policy as of December 31, 1923, should have a reserve or cash value of $868.87; that said policy will on said date in fact have a reserve of $299.64. "That in order to carry out the terms of said policy it will be necessary to take from moneys belonging to the other policy-holders a sufficient amount to make up the deficit on plaintiff's policy."

It is further alleged that the defendant has valued plaintiff's policy under the provisions of sec. 1955$y$—1, Stats. 1921; that the defendant cannot pay the plaintiff the amount of the policy in ten equal instalments without discriminating in favor of the plaintiff, contrary to the provisions of sub. 4, sec. 1955$o$, Stats. 1921 (now sub. (4), sec. 207.01, Stats.); that defendant offers to pay the cash value or reserve of said policy or to continue to carry the policy on the basis of yearly term insurance until said reserve has been exhausted.

The court found in favor of the plaintiff and against the defendant, and judgment was entered against the defendant for the sum of $100 together with interest from January 23, 1923, from which judgment the defendant appeals.

For the appellant there was a brief by *Schubring, Ryan & Petersen* of Madison, and oral argument by *Arnold R. Petersen*.

For the respondent there was a brief by *Hall, Baker & Hall* of Madison, and oral argument by *John F. Baker* and *Frank W. Hall*.

ROSENBERRY, J. There can be no question but that upon the facts the plaintiff is, as a matter of law, entitled to judgment against the defendant in the amount found by the trial court. *Smith v. Northwestern Nat. L. Ins. Co.* 123 Wis. 586, 102 N. W. 57.

On behalf of the defendant it is contended that under the authority of the case of *United Order of Foresters v. Miller,* 178 Wis. 299, 190 N. W. 197, the defendant is entitled to equitable relief apportioning the funds in the hands of the defendant on the basis of the premiums paid by the plaintiff and other policy-holders. The rights of the plaintiff under his contract of insurance had fully matured as between him and the defendant company, and as between them nothing remained to be done except for the defendant to perform the contract according to its terms. No parties are before this court except the policy-holder and the company. The issues considered in *United Order of Foresters v. Miller, supra,* do not arise under the pleadings in this case. Inability to pay is not a defense to an action on contract.

*By the Court.*—Judgment affirmed.